UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST COAST HOTEL MANAGEMENT, LLC., MESA UNDERWRITERS SPECIALITY INSURANCE, SELECTIVE INSURANCE COMPANY, SULEYKA HASSAN, BRADY WOLFOLK and MINH TRAN,<br><br>    Defendants. | Case No. 1:24-cv-00586-KES-HBK<br><br>ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND REQUIRING PLAINTIFF TO COMPLETE LONG FORM OR PAY $405.00 FILING FEE<br><br>(Doc. No. 2) |

Plaintiff proceeds in this civil action *pro se*. (Doc. No. 1). Plaintiff moves to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. No. 2). Upon review the Court finds Plaintiff's application does not contain sufficient information for the Court to determine if she is entitled to proceed in this action without prepayment of fees. Although there is not set criteria, at a minimum an application must state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely

inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015).

Notably, in her instant application, Plaintiff states she is disabled and not employed. (Doc. No. 2 at 1).  However, Plaintiff's IFP applications filed in other recent cases, including before this Court, indicate that she was recently employed, and she was directed to file the long application form.  *See* 1:24-cv-00251-EPG, Doc. No. 3 (E.D. Ca. March 4, 2020); 1:24-cv-00203-JLT-HBK, Doc. No. 3 (E.D. Cal. February 27, 2024); 1:24-cv-00199-JLT-SKP (Doc. No. 3) (E.D. Cal. February 15, 2024).  Further, in contrast to the instant application, Plaintiff's application filed in February 2024 in one of her other cases in this Court[1] indicates she does receive monthly income from some source:  *See* 1:24-cv-00204-NODJ-SAB, Doc. No. 4 (indicating she receives $2000 monthly).  Finally, although Plaintiff states she is not employed, she did not complete the portion of the form asking the date of Plaintiff's last employment, Plaintiff's employer, and the amount of her pay.   Thus, the instant application is incomplete.

Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.  If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full to proceed in this action.

////

////

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is DENIED without prejudice.

2. The Clerk of the Court is directed to forward the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239" to Plaintiff.

3. Within twenty-one (21) days of the date on this order, Plaintiffs shall either (1) pay the $405.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.

---

[1] Since February 22024, Plaintiff has commenced 12 separate cases with this Court.

4. If Plaintiff fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order as a sanction under Local Rule 110.

Dated: May 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE