UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>WEST COAST HOTEL MANAGEMENT, LLC, MESA UNDERWRITERS, SPECIALITY INSURANCE, SELECTIVE INSURANCE COMPANY, SULEYKA HASSAN, BRADY WOLFOLK and MINH TRAN,<br><br>        Defendants. | Case No. 1:24-cv-00586-JLT-HBK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY FILING FEE, FAILURE TO OBEY COURT ORDER AND PROSECUTE[1]<br><br>(Doc. No. 3)<br><br>14-DAY DEADLINE |

    Plaintiff Candace Smith is proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to pay the filing fee, comply with a court order, and prosecute this case.

**BACKGROUND**

    On May 16, 2024, Plaintiff filed a Complaint for A Civil Case accompanied by a motion to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1, 2). On May 17, 2024, the Court denied Plaintiff's motion to proceed IFP without prejudice because it lacked sufficient information to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

determine whether she was indigent. (Doc. No. 3 at 1-2). The Court ordered Smith to complete the long form IFP application or pay the $405.00 filing fee for this action within twenty-one (21) days. (*Id*.). The Court advised Plaintiff that if she "fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order as a sanction under Local Rule 110." (*Id*. at 3 ¶ 4).

As of the date of these Findings and Recommendations, Plaintiff has neither filed a long form IFP application nor paid the required $405.00 filing fee and the time to do so has expired. (*See* docket).

## APPLICABLE LAW

### A. Plaintiff is Required to Pay the Filing Fee

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a $405 filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court previously advised Plaintiff that for this case to proceed further, she must either file a long form IFP application permitting the Court to assess whether she is indigent or pay the $405 filing fee. (*See* Doc. Nos. 3). Plaintiff's long form IFP or the $405 filing fee was due no later than June 10, 2024. Because Plaintiff has failed to do either by the deadline, the undersigned recommends Plaintiff's case be dismissed without prejudice. *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees).

////

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, ¶ 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

**B. Failure to Prosecute**

In the alternative, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The Court's May 17, 2024 directed Plaintiff to either pay the $405.00 filing fee or file a long form IFP application. Plaintiff long form IFP or $405.00 filing fee was due no later than June 10, 2024. Ten days have elapsed since the Court's deadline and Plaintiff has failed to comply. (*See* docket).

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir.

1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Moreover, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at

4

1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's May 17, 2024 Order directing Plaintiff to file a long form IFP application or pay the filing fee expressly warned Plaintiff that her failure to timely comply with the Court's respective orders would result in dismissal of this action for failure to prosecute.  (*See* Doc. No. 3 at 3 ¶ 4).  Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED, all motions be terminated as MOOT, and this case be CLOSED.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 21, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5