1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CANDACE SMITH,                          Case No.  1:24-cv-00586-KES-HBK

12              Plaintiff,                    FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS CASE WITHOUT PREJUDICE FOR
13        v.                                  FAILURE TO PROSECUTE UNDER LOCAL
                                              RULES 183, 110 and/or FEDERAL RULE OF
14   WEST COAST HOTEL MANAGEMENT              CIVIL PROCEDURE 41(b)
     LLC, et al.,
15                                            (Doc. No. 1)
                Defendants.
16                                            14-DAY DEADLINE

17

18

19

20        Plaintiff Candace Smith initiated this action by filing a pro se civil rights complaint on

21   May 16, 2024.  (Doc. No. 1, "Complaint").  For the reasons set forth below, the undersigned

22   recommends that the District Court dismiss this action consistent with the Court's Local Rules for

23   Plaintiff's failure to prosecute this action and Federal Rule of Civil Procedure 41(b).  Specifically,

24   Plaintiff failed to keep the Court apprised of a current address, failed to respond to the Court's

25   screening order, and this action remains stagnant.

26                                    **BACKGROUND**

27        On July 1, 2024, the undersigned issued an order recalling the Findings and

28   Recommendations issued June 21, 2024, and granted Plaintiff's motion to proceed *in forma*

*pauperis*.  (Doc. No. 6).  On August 14, 2024, the Court issued a Screening Order finding the complaint failed to state a claim.  (Doc. No. 7).  The Court afforded pro se Plaintiff the opportunity to correct the identified deficiencies and file an amended complaint no later than September 9, 2024.  (*Id.* at 5).  On September 3, 2024, the July 1, 2024 Order was returned "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."  *See* docket.  Plaintiff's change of address was due no later than November 5, 2024.  Local Rule 183(b).  Plaintiff has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired.  *See* docket.  Further, Plaintiff has not filed an amended complaint as directed by the Court in its August 14, 2024 Screening Order.[1]

## APPLICABLE LAW AND ANALYSIS

1. <u>Local Rule 183</u>

Plaintiff was obligated to keep this Court informed of her proper address.  Specifically:

> [a] party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]").  Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, 2023 WL 2992980, at *1, n. 1 (E.D. Cal. Apr. 18, 2023).   More than sixty-three (63) days have passed since the

---

[1] Inexplicably, the later issued August 14, 2024 Screening Order was not returned as undeliverable. (*See* docket).

Court's July 1, 2024 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.[2]

### 2.  Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California*

---

[2] As of the date of these Findings and Recommendations sixty-five (65) days have passed since the mail was returned as undeliverable.

1    *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

2          Turning to the second factor, this Court's need to efficiently manage its docket cannot be

3    overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in

4    filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates

5    under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

6    Emergency in the Eastern District of California.  This Court's time is better spent on its other

7    matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot

8    effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court

9    order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

10         Delays inevitably have the inherent risk that evidence will become stale or witnesses'

11   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

12   factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

13   to defendant—weighs in favor of dismissal since a presumption of injury arises from the

14   unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

15   1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

16   the third factor weighs in favor of dismissal.

17         The fourth factor usually weighs against dismissal because public policy favors the

18   disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

19   However, "this factor lends little support to a party whose responsibility it is to move a case

20   toward disposition on the merits but whose conduct impedes progress in that direction," which is

21   the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

22   1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

23   multiple failures by aspiring litigants to follow the rules and requirements of our courts."

24   *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of

25   district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to

26   timely respond to court order and noting "the weight of the docket-managing factor depends upon

27   the size and load of the docket, and those in the best position to know what that is are our

28   beleaguered trial judges.").  Further, as set forth in the August 14, 2024 Screening Order, the

Court already determined that the Complaint was not meritorious, so this factor does not weigh in favor of the Plaintiff.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's August 14, 2024 Screening Order expressly warned Plaintiff that her failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 7 at 6-7, ¶2). Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned alternatively recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice pursuant to Local Rule 183(b) and/or Local Rule 110 and Federal Rule Civil Procedure 41(b) for Plaintiff's failure to prosecute this action.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

5

waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    November 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE